896 F.2d 1383
 283 U.S.App.D.C. 85
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Tawana HERRING, et al., Appellants,
v.
MERRELL DOW PHARMACEUTICALS INC., et al., Appellees.
 No. 89-7018.
 United States Court of Appeals, District of Columbia Circuit.
 March 9, 1990.
 
 Before BUCKLEY, D.H. GINSBURG, and SENTELLE, Circuit Judges.
 
 JUDGMENT
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia, and on the briefs and oral arguments of counsel. Upon full review, the court is satisfied that appropriate disposition of the case does not warrant a published opinion. See D.C.Cir.R. 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED by the court that the judgment under review in No. 89-7018 be and hereby is affirmed.
 
 
 3
 It is ORDERED, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15 (August 1, 1987). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 4
 The district court dismissed plaintiffs' complaint with prejudice after plaintiffs repeatedly failed to comply with the court's orders. In light of plaintiffs' failures to file a memorandum responsive to the district court's request, even after the district court issued a Show Cause Order and even after the district court dismissed the complaint altogether, the district court's action here did not constitute an abuse of discretion.
 
 
 5
 The plaintiffs in this case allege that Tawana Herring suffered birth defects due to her mother's ingestion of Bendectin, a prescription drug manufactured by the defendants. During the course of this suit the district court held in a parallel case that the plaintiff's expert evidence was insufficient to prove causation in light of a virtual consensus in the scientific community that Bendectin, when taken in recommended doses by pregnant women, is not a teratogen. Richardson v. Richardson-Merrell, Inc., 649 F.Supp. 799 (D.D.C.1986). On July 30, 1987, the district court entered an order (the "July 30 Order")[1] in this case providing, among other things:
 
 
 6
 (1) If and when the expedited appeal in Richardson v. Richardson-Merrell ... results in a panel decision affirming the trial court's order granting judgment for defendants notwithstanding the verdict, (a) each party shall file a memorandum, within ten days thereafter on the issue of res judicata thus raised; (b) each party shall respond to the other's memorandum ten days later.
 
 
 7
 On September 27, 1988, a panel of this court affirmed the trial court's Richardson decision. Richardson v. Richardson-Merrell, Inc., 857 F.2d 823 (D.C.Cir.1988), cert. denied, 110 S.Ct. 218 (1989).
 
 
 8
 On October 12, 1988, the defendants filed a Memorandum Regarding the Dispositive Effect of Richardson v. Richardson-Merrell Inc. in compliance with the district court's July 30, 1987, Order. The plaintiffs did not file a memorandum in compliance with the court's July 30 Order, nor did it file any response to the defendants' memorandum. On October 28, 1988, the district court issued an order requiring the plaintiffs, by November 7, to show cause why the case should not be dismissed for failure to prosecute because of the plaintiffs' failure to comply with the July 30 Order.
 
 
 9
 On that same day, October 28, 1988, plaintiffs filed a memorandum purportedly complying with the July 30 Order, but the memorandum did not discuss the potentially dispositive effect of Richardson on the present case, nor distinctions between this case and Richardson. Rather, the memorandum criticized the Richardson decision. For this reason, on November 1, the district court rejected the plaintiffs' October 28, 1988, memorandum as not in compliance with the July 30 Order.
 
 
 10
 The district court dismissed the plaintiffs' complaint with prejudice on November 21, 1988, due to plaintiffs' failure to comply with the court's July 30 Order and with its Show Cause Order. This dismissal order was served on both counsel and on the named plaintiffs individually. The plaintiffs proceeded to attempt to file a 79-page memorandum purportedly in compliance with the July 30 and Show Cause Orders, and sought reconsideration of the district court's dismissal. The district court found that even this last filing was "non-responsive to the issue." Order, December 7, 1988, Refusing to Accept for Filing Plaintiffs' Motion for Reconsideration, and Denying Plaintiffs' Motion for Leave to File Motion in Excess of 45 Pages, p. 3.
 
 
 11
 The district court is entitled to, in its own discretion, dismiss actions in response to attorney misconduct or for failure to prosecute. Shea v. Donohoe Const. Co., Inc., 795 F.2d 1071 (D.C.Cir.1986); Lepkowski v. United States Department of Treasury, 804 F.2d 1310, 1318 (D.C.Cir.1986). Its decision to do so is reviewable only for an abuse of discretion. Lepkowski, 804 F.2d at 1318.
 
 
 12
 In this case, we cannot say that the district court abused its discretion by dismissing the plaintiffs' complaint. The plaintiffs did not ever respond satisfactorily to the district court's July 30 Order and its Show Cause Order. The plaintiffs' October 28, 1988, and post-dismissal submissions focused on criticisms of the Richardson decision. At no time did the plaintiffs ever discuss the potentially dispositive effect of Richardson or the distinctions between the evidence the plaintiffs intended to offer and the evidence determined to be inadequate, as a matter of law, in Richardson. Further, this is not a case where an innocent client is unwittingly penalized due to a lawyer's misconduct. Shea, 795 F.2d at 1077-78. In this case, the plaintiffs were aware of their attorneys' dereliction, at least after receiving notice of the dismissal of their complaint. Their subsequent filing, which was rejected by the court, was still unresponsive to the July 30 Order.
 
 
 
 [1]
 We recognize that the district court's reference to the "res judicata" effect of the Richardson decision was inapt. The Richardson decision could not have had a res judicata effect on the Herring case because the plaintiffs in the two cases were different. Montana v. United States, 440 U.S. 147, 153 (1979). However, in this case the parties could not have doubted that the district court was seeking guidance as to the dispositive precedential effect of Richardson on the Herring case